```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,         :
         Plaintiff
                                  :

         vs.                      :  CRIMINAL NO. 1:CR-04-405-05

                                  :
CONRAD GREENSLADE,
         Defendant                :


*M E M O R A N D U M*

*I.    Introduction*

Defendant Conrad Greenslade filed a motion to vacate his judgment and sentence pursuant to 28 U.S.C. § 2255. As the court reads the motion, there are four grounds for relief, namely: (1) whether this Court erred in relying upon the PSR in calculating drug quantities attributed to Defendant; (2) whether this Court erred in using the cocaine base guidelines to determine Defendant's offense level; (3) ineffective assistance of counsel; and (4) whether law enforcement violated Defendant's *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) rights. After review, we will deny Greenslade's § 2255 motion.

*II.   Background*

Greenslade was one of 23 defendants charged in a drug conspiracy indictment. Upon entering a guilty plea, he was sentenced to 156 months for distribution and possession with the intent to distribute crack cocaine in violation of 21 U.S.C. §

841(a)(1). (doc. 559). The Third Circuit affirmed the judgment of sentence. *United States v. Greenslade*, 255 F.App'x 691 (3d Cir. 2007).

*III. Discussion*

*A. Grounds One and Two*

A § 2255 motion is a collateral attack on a final criminal judgment. *See United States v. Addonizio*, 442 U.S. 178, 99 S. Ct. 2235, 60 L.Ed.2d 805 (1979). It is not a substitute for appeal, *Government of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985), nor should it be used to relitigate matters decided adversely in prior federal proceedings. *See United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981)("Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255."). "For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

As Defendants first and second grounds for relief have been heard and rejected by the Third Circuit, *see Greenslade*, 255 F.App'x 691, these claims are procedurally barred for purposes of

2

his § 2255 motion. We will, therefore, deny relief on these grounds.

   *B. Miranda Violation*

Greenslade argues that he was not given proper *Miranda* warnings before he was interviewed by Drug Enforcement Administration agents.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). A criminal defendant's unconditional, knowing and voluntary guilty plea waives all non-jurisdictional issues, such as the right against self-incrimination. *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007). The record is devoid of any evidence that his guilty plea was not knowing and voluntary. As *Miranda* warnings are designed to safeguard a suspects privilege against self incrimination, *United States v. Lafferty*, 503 F.3d 293, 298 (3d Cir. 2007), Greenslade waived this issue by pleading guilty. We will, therefore, deny this ground for relief.

   *C. Ineffective Assistance of Counsel*

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-

prong test for ineffective assistance of counsel claims. A defendant must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was prejudicial. *Id.* at 688.[1] For the prejudice prong, a defendant must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* at 694.

Defendant argues that his counsel was ineffective for allowing him to make an unintelligent, unknowing and involuntary guilty plea. As we indicated earlier, the record is devoid of any evidence that Greenslade's guilty plea was not knowing and voluntary. We require more than Defendant's assertion that his guilty plea was invalid. We will deny this ground for relief.

   *D. Motion for Default Judgment*

Defendant has moved for an entry of default judgment against the government because of its failure to timely respond to his motion. (doc. 813). Defendant is advised that default judgments are not appropriate in § 2255 motions. *United States v. Dill*, 555 F.Supp.2d 514, 520-21 (E.D. Pa. 2008); *See also Lemons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1995)(in the context of a writ of habeas corpus pursuant to 28 U.S.C. § 2254). Therefore, we will deny his motion.

---

[1] The court need not address both prongs if the defendant has failed to satisfy one of them. *Strickland*, 466 U.S. at 697.

4

*IV. Certificate of Appealability*

Based on the analysis in this Memorandum, we will deny a certificate of appealability.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 28, 2009

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff | : |
| | : |
| vs. | : CRIMINAL NO. 1:CR-04-405-05 |
| | : |
| CONRAD GREENSLADE,<br>　　　Defendant | : |

*O R D E R*

AND NOW, this 28th day of May, 2009, upon consideration of Defendant's motion under 28 U.S.C. § 2255 (doc. 778), and pursuant to the accompanying Memorandum, it is ordered that:

1. Defendant's § 2255 motion is denied.

2. A certificate of appealability is denied.

3. Defendant's motion for default judgment (doc. 813) is denied.

4. The Clerk of Court shall close this file.

　　　　　　　　　　　　　　　　/s/William W. Caldwell
　　　　　　　　　　　　　　　　William W. Caldwell
　　　　　　　　　　　　　　　　United States District Judge